**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAVON P. BERTHELOT, DEAN M. BERTHELOT, JON D. BERTHELOT, AND SEAN H. BERTHELOT** | **CIVIL ACTION** |
| | **NUMBER:** |
| **VERSUS** | **SECTION:** |
| **ANDREAS FAHL MEDIZINTECHNIK-VERTRIEB GMBH** | **DIVISION:** |
| | **JURY TRIAL REQUESTED** |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The complaint of LaVon P. Berthelot, Dean M. Berthelot, Jon D. Berthelot, and Sean H. Berthelot, persons of the full age of majority, through undersigned counsel, with respect represents that:

1.

LaVon P. Berthelot is a resident of and domiciled in Metairie, Jefferson Parish, Louisiana, and within the jurisdiction of this Honorable Court. Mrs. Berthelot is the surviving widow of Henry J. "Hank" Berthelot (hereinafter "Decedent") and, at all times pertinent hereto, up to and including the time of Decedent's death, she was living with Decedent as his lawfully married spouse.

2.

Plaintiff, Dean M. Berthelot, is a resident of and domiciled in Marietta, Cobb County, Georgia and he is the natural and lawful child of Decedent and Mrs. Berthelot.

3.

Plaintiff, Jon D. Berthelot, is a resident of and domiciled in Youngsville, Lafayette Parish, Louisiana and he is the natural and lawful child of Decedent and Mrs. Berthelot.

4.

Plaintiff, Sean H. Berthelot, is a resident of and domiciled in Branford, New Haven County, Connecticut and he is the natural and lawful child of Decedent and Mrs. Berthelot.

5.

Defendant, Andreas Fahl Medizintechnik-Vertrieb GmbH (hereinafter sometimes "Fahl"), is a corporation organized under the laws of Germany but, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

6.

At all times pertinent hereto, Defendant was engaged in the business of designing, manufacturing, marketing, distributing, and selling Duravent plastic tracheostomy tubes including, but not limited to, the Duravent XL model 11201-07 (with inner cannula) tracheostomy tube.

7.

Decedent was a Vietnam War veteran who suffered severe injuries in combat in 1968 when he was hit by a rocket which resulted in a right above-knee amputation and major damage to his trachea. He was awarded three Purple Hearts, the Silver Star, and the Bronze Star. When Decedent returned to the United States, he was hospitalized for approximately two and one-half years at Brooke General Hospital in San Antonio, Texas during which he underwent approximately eighteen (18) major surgeries including recreating his trachea. When Decedent was discharged from the hospital in 1970, he no longer needed a tracheostomy tube. However,

in approximately 2003, because remaining shrapnel caused Decedent's throat to swell, he underwent a procedure in which a temporary tracheostomy tube was inserted. In approximately 2005, due to inward scarring which resulted in the narrowing of Decedent's airway, he required the placement of a permanent tracheostomy tube. In approximately 2015, Decedent began using plastic tracheostomy tubes designed, manufactured and sold by Defendant, specifically the Duravent XL Model 11201-07 (with inner cannula) tracheostomy tube.

8.

On May 16, 2016, at approximately 7:20 a.m., at Decedent's and Mrs. Berthelot's residence in Metairie, Jefferson Parish, Louisiana, Decedent intended to remove for routine cleaning the inner cannula of Defendant's Duravent XL Model 11201-07 (with inner cannula) tracheostomy tube, which he had been using for only approximately two and one-half months. As Decedent was in the process of taking out the inner cannula, the entire tracheostomy tube, both the inner and outer cannulas, came out because, suddenly and without warning, the outer/larger cannula failed by separating from the neck flange. When this failure of the device occurred, Decedent had great difficulty breathing and, even though Mrs. Berthelot called 911, Decedent died before the emergency medical technicians were able to resuscitate him.

9.

The aforesaid Fahl Duravent XL model 11201-07 (with inner cannula) tracheostomy tube was designed, manufactured, assembled, package, marketed, distributed, and/or sold by Defendant.

10.

The death of Decedent and Plaintiffs' resulting injuries and damages were legally and proximately caused by the fault of Defendant and its officers, agents, employees, and those for whom it is legally responsible.

11.

Defendant, under all applicable laws including, but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.*, is liable unto Plaintiffs for all of their injuries and damages for designing, manufacturing, marketing, distributing, and/or selling a product, particularly, the aforesaid Fahl Duravent XL model 11201-07 (with inner cannula) tracheostomy tube that Decedent was using at the time of his death, which tracheostomy tube was defective and unreasonably dangerous in design, construction or composition, because inadequate warnings about the product had not been provided, and/or because the tracheostomy device did not conform to an express warranty of the manufacturer about the fitness of said product and this defective and unreasonably dangerous tracheostomy tube caused Decedent's death.

12.

As a result of the wrongful death of her husband, Plaintiff, LaVon P. Berthelot, has suffered and continues to suffer the loss of Decedent's love and affection, society, companionship, services, and consortium as well as keen mental anguish, emotional distress and personal grief, for which Mrs. Berthelot is entitled to recover damages from Defendant in all amounts reasonable under the premises.

13.

Plaintiff, LaVon P. Berthelot, is also entitled to recover from Defendant the funeral, burial and related expenses incident to her late husband's death.

14.

In addition, Plaintiff, LaVon P. Berthelot, is entitled to recover from Defendant damages in all amounts reasonable under the premises pursuant to Article 2315.1 of the Louisiana Civil Code for Decedent's conscious physical, mental and emotional pain and suffering between the time of his injuries and the time of his death.

15.

In addition, Plaintiff, LaVon P. Berthelot, is entitled to recover from Defendant damages in all amounts reasonable under the premises pursuant to Article 2315.6 of the Louisiana Civil Code for the severe, debilitating, and foreseeable mental anguish and emotional distress she suffered from observing Decedent's injuries and his conscious physical, mental and emotional pain caused by Defendant's defective and unreasonably dangerous tracheostomy tube.

16.

As a result of the wrongful death of his father, Plaintiff, Dean M. Berthelot, has suffered and continues to suffer the loss of Decedent's love and affection, society, companionship, services, and consortium as well as keen mental anguish, emotional distress and personal grief, for which he is entitled to recover damages from Defendant in all amounts reasonable under the premises.

17.

As a result of the wrongful death of his father, Plaintiff, Jon D. Berthelot, has suffered and continues to suffer the loss of Decedent's love and affection, society, companionship, services, and consortium as well as keen mental anguish, emotional distress and personal grief, for which he is entitled to recover damages from Defendant in all amounts reasonable under the premises.

18.

As a result of the wrongful death of his father, Plaintiff, Sean H. Berthelot, has suffered and continues to suffer the loss of Decedent's love and affection, society, companionship, services, and consortium as well as keen mental anguish, emotional distress and personal grief, for which he is entitled to recover damages from Defendant in all amounts reasonable under the premises.

19.

Plaintiffs assert their claims under the laws of the State of Louisiana and under any other state or federal statutes which may be applicable.

20.

Jurisdiction of this matter is based upon diversity of citizenship, 28 U.S.C. §1332(a)(2), and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

21.

Plaintiffs are entitled to a trial by jury.

**WHEREFORE**, Plaintiffs, LaVon P. Berthelot, Dean M. Berthelot, Jon D. Berthelot, and Sean H. Berthelot, pray that Defendant, Andreas Fahl Medizintechnik-Vertrieb GmbH, be served with a copy of this Complaint for Damages and that after due proceedings are had, Plaintiffs pray for judgment in their favor and against Defendant in all amounts reasonable under the premises, with legal interest thereon from date of judicial demand, for all costs of these proceedings, for all appropriate legal and equitable relief, and for a trial by jury.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY: *s/ Irving J. Warshauer*
**IRVING J. WARSHAUER**
**BAR NO. 13252**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
E-mail: iwarshauer@gainsben.com

Attorneys For Plaintiffs, LaVon P. Berthelot, Dean M. Berthelot, Jon D. Berthelot, and Sean H. Berthelot

**PLEASE SERVE:**

**Andreas Fahl Medizintechnik-Vertrieb GmbH**
Pursuant to the Hague Conference on Private International Law
German Central Authority of Nordrhein-Westfalen
Die Präsidentin des Oberlandesgerichts Düsseldorf
Cecilienallee 3
40474 Düsseldorf