UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAVON BERTHELOT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2140** |
| **ANDREAS FAHL MEDIZINTECHNIK-VERTRIEB GMBH** | **SECTION "B"(3)** |

ORDER AND REASONS

Defendant filed a motion pursuant to Federal Rule of Civil Procedure 72 for review of a discovery-related order (Rec. Doc. 30) issued by Magistrate Judge Knowles. Rec. Doc. 34. Plaintiffs timely filed an opposition. Rec. Doc. 40. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 46. For the reasons discussed below,

**IT IS ORDERED** that the motion for review (Rec. Doc. 34) is **DISMISSED** and the Magistrate Judge's order (Rec. Doc. 30) is **AFFIRMED**.

This is a products liability and wrongful death action brought by Plaintiffs, the surviving wife and children of decedent, against Defendant, who manufactured an allegedly defective medical device used by decedent. *See* Rec. Doc. 1. The case was initially filed in March 2017. *See id.* Plaintiffs reside in Louisiana and Defendant is a German company. *See id.* ¶¶ 1-5. In November 2017, Plaintiffs moved to compel Defendant's 30(b)(6) deposition to occur in New Orleans. *See* Rec. Doc. 14. As part of their motion, Plaintiffs also sought an order compelling all depositions of Defendant's

1

witnesses to occur in New Orleans. *See id.* The Magistrate Judge held a hearing on the issue. *See* Rec. Doc. 28. In a thorough and reasoned order, he granted in part Plaintiffs' motion, ordering that the 30(b)(6) deposition be held in New Orleans. *See* Rec. Doc. 30 at 14. However, the order also denied as premature Plaintiffs' request that all depositions of Defendant's witnesses occur in New Orleans. *See id.*

While "[t]he deposition of a corporation through its agents or officers is normally taken at the corporation's principal place of business[,]" a court "has broad discretion to determine the appropriate place for a Rule 30(b)(6) deposition." *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 368 (N.D. Tex. 2013). Courts look for "peculiar circumstances" when deciding whether the deposition of a corporate representative should occur somewhere other than the corporation's principal place of business. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979). This analysis requires consideration of the following factors:

> (1) [whether] counsel for both parties are located in the forum district; (2) [whether] the plaintiff seeks to depose only one corporate representative; (3) [whether] the defendant chooses a corporate representative who does not reside in the location of the principal place of business; (4) [whether] significant discovery disputes are likely to arise, which may require resolution by the forum court; and (5) [whether] the nature of the claim and the parties' relationship are such that an appropriate adjustment of the equities favors a deposition site in the forum district.

2

*Martin*, 292 F.R.D. at 368 (citing *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992)).

Here, the Magistrate Judge concluded that the 30(b)(6) deposition should be conducted in New Orleans because: (1) Defendant has availed itself of the American legal system by securing FDA approval for sale of its products in the United States; (2) both parties' counsel are located in New Orleans; (3) Defendant is a corporation that markets its products around the world and therefore has sufficient resources to travel to New Orleans for the deposition; (4) Plaintiffs have agreed to offset some of the costs of conducting the deposition in New Orleans; (5) the court may need to intervene during the deposition because of the parties' ongoing and repeated discovery disputes; and (6) conducting depositions at the United States consulate in Germany requires a long period of advance notice for scheduling and approvals.[1] *See* Rec. Doc. 30 at 9-10.

These are precisely the considerations that the law requires courts to consider when deciding whether to compel a foreign corporate defendant to produce a representative for a 30(b)(6) deposition in the United States. *See Martin*, 292 F.R.D. at 368. Legal tests that require a court to weigh a

---

multitude of factors

[1] The magistrate judge also noted that verbatim stenography would not available if the deposition was conducted in Germany. *See* Rec. Doc. 30 at 10. It appears that this is inaccurate. *See* Rec. Doc. 43-3. However, the absence of that fact does not alter the outcome of the Court's review.

and balance equities are discretionary and fact-specific. While Defendant is correct that some courts have required plaintiffs to conduct 30(b)(6) depositions of foreign corporate defendants in the companies' home countries, other courts in this Circuit have reached the opposite conclusion. *See, e.g.*, *West v. Velo Enter. Co.*, No. SA-13-CV-024-OLG, 2014 WL 12480008, at *2 (W.D. Tex. June 9, 2004); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No: 2:07-CV-468, 2008 WL 4663568, at *3-4 (E.D. Tex. Oct. 21, 2008); *Mediatek, Inc. v. Sanyo Elec. Co.*, No. 6:05 CV 323, 2006 WL 5709449, at *2 (E.D. Tex. Aug. 9, 2006). The specific facts of this case do not leave the Court "with a definite and firm conviction that a mistake has been committed" by the magistrate judge. *Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 320 (E.D. La. 2015).

All of the attorneys enrolled in the above-captioned matter are located in New Orleans. *See Mediatek*, 2006 WL 5709449, at *2 (reasoning that presence of counsel for both parties in the city where the deposition is held would facilitate scheduling). At this time, Defendant has only named one corporate representative witness. *See* Rec. Doc. 34-2 at 16; *see also Advanced Tech. Incubator*, 2008 WL 4663568, at *4 (fact that only two witnesses would need to travel for deposition in United States weighed in favor of holding deposition in United States). The parties have demonstrated little ability to resolve discovery disputes on their

own, suggesting that judicial intervention may be required during the corporate deposition. *See* Rec. Docs. 14; 16; 47; *see also West*, 2014 WL 12480008, at *2 (explaining that concern about resolving discovery disputes weighs in favor of holding deposition in United States); *Mediatek*, 2006 WL 5709449, at *2 (same). For example, a second motion to compel production of discovery will soon be heard before Magistrate Judge Knowles. *See* Rec. Doc. 48. Moreover, of the parties, Defendant is better able to absorb the Plaintiff-subsidized expense of traveling for a deposition.

That is not to say that Defendant's arguments are meritless. It is certainly possible to conduct a competent American-style deposition in Germany. And the Court does not doubt that Defendant's corporate representative will suffer some inconvenience in traveling to New Orleans for the deposition. But these countervailing facts do not render the order at issue "clearly erroneous" or "contrary to law." Moreover, the order is limited to the location of the currently contemplated 30(b)(6) deposition and specifically reserves the question of where any other depositions should occur in the future. *See* Rec. Doc. 30 at 11.

New Orleans, Louisiana, this 12th day of March, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE